**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**MENTIONTI HALL,**                                                         **PETITIONER**

**v.**                                                                                           **No. 2:08CV85-M-A**

**STATE OF MISSISSIPPI**                                                    **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Menionti Hall for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Hall has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted, and the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Facts and Procedural Posture**

Mentionti Hall pled guilty to the charge of false pretense in the Circuit Court of DeSoto County, Mississippi. Hall was sentenced by Order filed January 19, 2007, to ten years in the custody of the Mississippi Department of Corrections, with three years to serve and seven years on post-release supervision. Hall's sentence was set to run consecutive to the federal sentence she was currently serving. *Id.* Hall filed a "Notice of Appeal" five months later on June 4, 2007. In response to that notice of appeal, the trial court entered an Order, filed June 12, 2007, finding that Hall was not entitled to appeal *in forma pauperis*. The trial judge held that an appeal *in forma pauperis* was not proper, stating that "[t]he court takes judicial notice of the fact that Hall entered a plea of guilty in this cause and was not tried by a jury. The legislature and precedent do not confer jurisdiction upon the Supreme Court to review a guilty plea on direct appeal.

(Citations omitted)." *Id*. Hall then filed a motion to appeal *in forma pauperis* in the Mississippi Supreme Court, which was denied on July 9, 2007. Hall then filed a "Motion to Show Cause," which the court found was an attempt by Hall to argue that her appeal should not be dismissed because of an untimely filing. The Court dismissed Hall's motion without prejudice holding that "since the case will be dismissed unless the costs of the appeal are paid, the question of whether the appeal was timely need not be addressed. . . ." On August 2, 2007, the Mississippi Supreme Court dismissed Hall's appeal for failure to pay the costs. A subsequent motion to proceed *in forma pauperis* filed in that court after the issuance of the mandate was also denied as not well taken. The clerk of the DeSoto County Circuit Court and the records of the Mississippi Supreme Court confirm that Hall has filed no petition for post-conviction collateral relief in the state court challenging the plea and sentence at issue. Hall filed the present federal petition for a writ of *habeas corpus* in this court on May 21, 2008.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Hall was sentenced on her plea on January 9, 2007. There is no direct appeal from a guilty plea in Mississippi. MISS. CODE ANN. § 99-35-101. As such, Hall's conviction became final on February 8, 2007, thirty days after she was sentenced on her guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)(time to appeal sentence used to compute the date conviction becomes final); *see also Acker v. State*, 797 So.2d 966 (Miss. 2001)(Mississippi defendant who pleads guilty may nonetheless appeal the legality of the sentence imposed). Hall filed no motions for post-conviction relief in the state court; as such, she cannot benefit from statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). As such, the deadline for filing a federal petition for a writ of *habeas corpus* challenging this conviction expired February 8, 2008 – one year after her conviction became final.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on May 15, 2008, and the date it was received and stamped as "filed" in the district court on May 21, 2008. Giving Hall the benefit of the doubt by using the earlier date, the instant petition was filed 97 days after the February 8, 2008, filing

deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999). The instant petition shall thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of May, 2009.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**